This time we'll hear Harleysville Worcester Insurance Company versus Wesco Insurance Good morning, your honors Max Gershweyer for the appellants Wesco Insurance Company Because this is a Appeal of the grant of a summary judgment motion. The threshold issue is whether the movement Harleysville Satisfied its burden of coming forward with evidence proving its claims as a matter of law Only if Harleysville satisfied that burden, is it necessary to scrutinize Wesco's opposition? Likewise if Harleysville failed not only failed to satisfy that burden But in fact established as a matter of law that its claims are not viable then Wesco is entitled to summary judgment Again, regardless of the manner in which Wesco opposed the motion Now turning to the claims themselves District Court can't look at both submissions in order to decide whether there's a material issue Well, of course the district court can look at both submissions but but again the Unless the The movement has actually satisfied his burden using the proper standards. Now, of course, it's it's Well, I mentioned that in respect to the issue of the the fact that that Wesco's bring up new arguments on on appeal that that was the purpose of certainly concede that Wesco is demonstrating substantial flexibility. I would well That is to say you're not taking an opposite position from what you took in the district court What it's we're making a different argument. Yes, no doubt about it I wouldn't quite characterize it that way. But but the bottom line is that That's I'll adopt that your honor but but the fact remains that that was still the district courts and and now this court has Through to know a review to decide whether Harleysville in fact satisfied its burden on it's somebody judgment motion and in in order to do that It has to look at well What are the claims that Harleysville is making and what is the evidence that is it so that Wesco is now? arguing on appeal That it was in fact required to indemnify and defend M&T. Is that it's Excuse me, Your Honor. I Guess what I would say to that is it makes no difference Because of the fact that in order to prove no way for Holliesville to prove its implied indemnity claim That is it's its claim in its own capacity. It must establish two things it must establish that both policies covered M&T the insured for the underlying claims and That M&T was insured for the same risk under both policies. So Our position is that it doesn't matter Because That's for purposes of the appeal it's not necessary to for Wesco to take that We're not we're certainly not disputing the fact That there was we're not disputing the fact that there was coverage on the Wesco policy What we're arguing instead is that for Holliesville to have satisfied its burden it had to establish that Harleysville Had its own duty to defend and indemnify M&T in order to form the implied law implied in law contract You're attacking that on the basis That the policy can be read to to exclude This Correct your honor worse, but the duty to defend is broader than the duty to indemnify body to you If if your arguments work Then then this this company that bought insurance from two companies would just be naked to its enemies It'd be sued and go to either place and someone says forget it. You go to the other place They say we don't have coverage either. No, you are at the end of the day the insured gets coverage for this, right? How would that happen? If Holly still didn't pay didn't step forward to defend? well, I'll play I'll play it out for you judge what what would have happened what typically happens in these situations is that The insured enters into an agreement with the claimant with the underlying plaintiff to say, okay we are liable for X amount of dollars and In exchange for your the plaintiff's agreement not to execute against us for that for that amount We will assign to you your our rights under the policy or policies that we believe were entitled to coverage under That's how these things things play out So then an insured has taken on a considerable risk the insured has agreed to pay somebody money without knowing Whether either one of the two insurance companies is going to step forward to to pay it Okay, you are the way this usually plays out. Is that that that step of actually making payment doesn't have to happen You stay assigned their rights to the plaintiff who then? pursues the money against the insurance company So at the end of the day in this case and in any other if insured has coverage that covers the claim It will get paid This is an unusual case where there were two insurance companies who were fighting over which which company had the obligation to pay But again, the bottom line remains that there's no dispute that there was coverage here There's no dispute that Harleysville had no duty to defend her in this in this arrangement that you say is common Is The the deal is that the the the the underlying plaintiff Agrees that if neither insurance company is going to pay It'll It'll let the the defendant off the hook all together Not that we'll let let it off the hook There there are a few ways to that that this scenario could also play out What could also happen is if the insured gets a disclaimer of coverage that believes is incorrect Obviously you can always sue the insurance company for a declaration In fact that insurance company owes coverage. So there there are remedies here. There's no there's no danger The whole thing for the insurance company to start a declaratory judgment action and say we are defending But we're doing so under reservation of rights and we want a determination and then we'll step back and stop defending or Your honor, I'm not here to argue that either one of these insurance companies handled this matter in a very prudent way But what happened happened? This is the very nature Well, we'll judge but always the case sure but the very nature of voluntary payments cases such as this is you have one party who did not do what they were supposed to Do and one party that stepped out and did something that they didn't have to do This is the nature of voluntary payments cases. This is what we have here we have a party that had no duty to do so and went ahead and made a payment as now asking for The other party to pay them back, but that again that is the very nature of these cases They're not sure of your claim is late notice, right? Well that that's a separate that's a separate affirmative defense that that was Argued below and and we argue was the basis for the you did disclaim coverage There was a disclaimer pre-suit disclaimer Correct Correct, but we also invited we said in the letter We're open to you know, if you have additional information, please provide it to us and we'll reconsider the position. It was not it was Well, but but that is critical information right that that it's the complaint that is one of the two Apart from the policy itself. There's one of the two critical components I should ensure to assume why should policyholder assume that if the insurance company says there's no coverage that they'll that they'll Defend and indemnify if they get sued Judge the law is very clear that unless the disclaimer Is the equivalent of a repudiation of liability? That is a statement that there is no way that that anything going forward will change our mind They still have the duty under the policy to provide notice of the suit And if they and if they don't Then don't you have to if you are correct about this then you would have to show a prejudice correct your honor What what did Harleysville do? on behalf of this insured that That prejudice What's not a question of what Harleysville did the question is was and and the standard under the statute in New York statute is Did it did the delay material materially impair the ability of the insurer to defend the insured? I think that's clear here They were not Wesco is not notified until after every phase of litigation was over all Discovery summary judgment motions and mediation all of those phases were done by the time that Wesco isn't the first notified of the suit That impaired its ability whether had it been provided timely notice that would have made any difference It's not it's not an outcome determinative test Excuse me to find you of this suit of the suit right but not notified you of the incident, right? They were notified timely of the incident. It's it's the claim for late notice has to do with timeliness of notice of the suit Why shouldn't we just say that since you've now completely shifted your view or your view on appeal is is in Taught tension with the position that you took below the arguments that you've just made That you have expertly made I might add or are waived Well with let's let's make sure we're clear that the late notice Argument was stated below so that there's certainly not even a dispute over whether that there's an issue of waiver as far as that defense is concerned the other arguments again have to go to the Go to the issue of whether Harleysville established its right in its moving papers to summary judgment Our argument is that they didn't because they did not establish there was an implied in law contract Between Harleysville and Wesco because by Harleysville's admission they had no duty to defend or indemnify M&T in the case Absent that duty. There is no implied in law contract so it's like if this was a contract action and the movement said Made a made a move for some judgment breach of contract, but didn't product produce the contract Regardless of what arguments were made in opposition that motion should it should be denied because there's no they've failed to satisfy their burden Thank You judge Good Morning Lance Kalik Riker Danzig Sherahan and Peretti for the plaintiff and a Peli Harleysville Worcester insurance company As Your honor has has noted this the issue regarding the right to pursue Wesco was not raised below however By them. However, we did put in evidence of an assignment of rights. We did put in evidence of our contractual and equitable rights of subrogation And we did put in evidence that we have our own our own personal claim based on unjust enrichment and equity all of that was before the District Court at least in some level because she noted it in her opinion that we have rights of assignment and subrogation I think you have the moral high ground Yes, it is. Do you have the legal high ground because your adversary says that they're entitled to notice of? Suit which is distinct from notice of the occurrence. Yes, and that they never got it and that they're they lost the ability to To do anything about the suit defend it settle it arbitrate it and And enter into negotiations and and that that is a matter of that is prejudice as a matter of law So so let's let's that's going to the late notice argument. Let's shift to that M&T did give timely notice of the occurrence. We know that M&T did give timely notice of the state court action We know that they concede that The state court action there were two different underlying actions one was a state court action one was a federal court action What Wesco contends is that they? Absolutely nothing they were given notice of the state court action in January of 16 They did absolutely nothing and continued to deny coverage Up through the settlement of the underlying case and that that's what what judge Nathan below found So compelling both on the on the on the notice issue the fact that that that they were not inviting a reconsideration when they originally denied coverage, but also on the prejudice issue because The proof was in the pudding when Wesco admitted it got notice of the of the second suit the state court action in January of 16. This is nine months before the summary judgment in the federal court action Wesco did absolutely nothing That that their their denial was not Equivocal and that the insured had no burden to go back to them and say do you really really mean that you're denying? Coverage are you serious about that? But there is evidence by the way out to a repudiation. It's a repudiation There's no doubt that they repudiated this and we put it in our brief at least 12 times They repudiated coverage in this case and in fact They didn't acknowledge that our policy does not have any obligation until this spring during this appeal This so they kept saying no This is your problem or as well not our problem And they they buried their head in the sand Now there is no there is evidence in this record that Wesco did get notice of the federal court action. There's a claims note from Harleysville Saying we put a am trust, which is West Coast Well, they contend that except they haven't denied Receipt from anybody from Wesco the lawyer The not not not Mike not the current counsel But the lawyer below just simply denied it in their statement of material facts without any evidence from Wesco saying we never received The notice of the federal court action. So we from our side. They've received notice of the occurrence They received notice of the federal court action and they received notice of the state court action But again, even if they didn't receive notice of the federal court action, even if we were to grant them that they've totally repudiated coverage under the policy New York law is absolutely clear that the insured doesn't have to go back to them And by the way The insured's personal counsel when he put them on notice of the state court action wrote a long letter saying I'm not obligated to tell You anything by the way, because you've already repudiated the contract, but here's the state court action Here's the federal court action just so it makes sure you have it and he actually cited the law in of New York saying you've repudiated the deal personal counsel For the policyholder sent a letter to Wesco Advising of the penancy of both the state and federal Cases, correct. That's a 490 in the record and that's a letter dated January 19th 2016 And And again Wesco never came forward and said, you know what we do have an obligation here And by the way, they never denied coverage To Wesco based on late notice until we sued them in this coverage action That was the first time that they raised late notice as a possible defense to this case So I don't think they can show late a breach of the notice condition I don't think they can show prejudice because the proof is in the pudding like judge Nathan found They did nothing after receiving notice to jump up and say hey you guys didn't do XY and Z Why don't you do X Y & Z now This is the typical prejudice case is an insurer doesn't give their insurer on notice and a default is entered Well, the insurer just can't cover its eyes and say you didn't give us notice. So we're gonna allow whatever happens happens What an insurer has to do is jump and try and undo the default then if it can't undo the default then it can argue prejudice, but you can't just say you missed you didn't tell us timely and Whatever happens now happens. We're not going to tell you what we think you should do We're not going to tell you what we think you did wrong We're not going to tell you, you know, what aspects of this case caused us prejudice. Basically, they want to say We we've suffered prejudice even though we haven't suffered any prejudice Which which doesn't work and and the district court should be affirmed on the late notice grounds Shifting back to their argument about this implied indemnity Argument, which we think was waived in any event. We have four different Different rights of recovery here. We have an assignment from the insured M&T was left and New York law is clear that that when an insurer improperly disclaims like like Wesco now Basically acknowledged they did an insurer is an insured is free to do what what they need to do to protect themselves M&T is is is not a company. It's Bernard and Betty Thomas. It was unincorporated they faced Disastrous personal exposure in this case and Harleysville was denying coverage denying indemnity and saying listen, this is this isn't our problem Wesco was denying coverage M&T under these circumstances in New York law is absolutely clear. It's in our brief M&T was free to protect themselves and cut a deal and that's what they did. They cut a deal. They said listen We'll we'll actually pay twelve thousand and five hundred dollars out of our own pocket But Harleysville it will you front the money if you front the money for us? Willis? No, that was no that was money in excess the the plaintiff Great Lakes would not take a million dollars They they had suffered 1.5 and they had punitive damage claims they had attorney fees they wanted a lot more than a million dollars So they wouldn't let they wouldn't let M&T off the hook So M&T cut a deal. They said Harleysville front the money We'll give you all of our rights all of our rights to Wesco And that's the primary basis for our rights in in this case. And and that's what judge Nathan relied on She said they have an assignment we Not only do we have an assignment. I think they're making a technical argument that because The Thomas's were not legally obligated to pay Wesco To pay the plaintiff that somehow their coverage isn't implicated but because they wrongfully denied they can't rely on their policy anymore to say We don't have a right to pay the the M&T was free to do what they had to do and in any event an Assignment is a natural and and frequent thing that that that policyholders do when they're facing exposure like this whether M&T assign their rights to Great Lakes and Allowed Great Lakes to pursue Wesco or assign their rights to Harleysville and allowed Harleysville to pursue Wesco the same principles apply We also have a contractual subrogation right in our policy that we're allowed to pursue any Rights of M&T whether it's tort rights or contract rights We also have an equitable subrogation, right? Equitable subrogation case and allowed Burlington Insurance Company to step in the shoes of the city in that case and pursue the MTA Doesn't that doctrine eliminate the doctrine of that? That volunteer can't can't sue to Recover a voluntary payment. So so certainly not in the assignment situation or in the subroad situation that you're But for the equitable one There is a sense running through those cases that we're not going to allow volunteers to pursue rights calling Harleysville in this case a volunteer is is I Think so far afield from what the actual record shows Wesco was saying it's you you owe this money. We don't the insured was saying somebody has to pay Harleysville was saying it's not us. We filed the declaratory judgment action So we're not a volunteer We're we're we're going to accept rights of assignment and in exchange Fund this but we're gonna in fact in the settlement agreement We pursued all of what we reserved all of our rights again to pursue Wesco So I don't see how an insurer it would be a remarkably bad precedent to suggest that an insurer who's wrongfully denying can say That an insurer who steps up and protects their insured is a mere volunteer when the insured that protect with the insurer that protects The insured is on record Repeatedly saying we don't think we owe this and it's now on record saying that they they did Oh a defense at least that's what the other side is saying. Yes. Thank you. Thank you I Think if the first if there any questions, but Again, I have to go back to all of the legal arguments I made in my brief there there are two bases proper bases for recovery here in the first instance That is implied indemnity not subrogation Not unjust enrichment and the rules regarding implied indemnification are very clear They've been enunciated by this court on multiple occasions. There has to be implied in law contract meaning both sides had a duty Neither side here disputes that both sides had a duty only one side had a duty here So there simply is no implied in law contract formed to enable Harleysville to collect anything from From Wesco with respect to the assignment claim Again, there still has to be a legal obligation to pay there the way that the settlement agreement was drafted It was not drafted well It did not commit M&T the insured to pay the million dollars only to pay the twelve thousand five hundred So to the extent that Harleysville proceeds as an inside assignee They step into M&T shoes M&T had to pay twelve thousand five hundred dollars Correct your honor and I also want to want to emphasize that kind of ironic Well, I'll quote this this quote of this court I cited the case my brief voluntary settlements do not always result in equitable results and that's what we have here Yes, but then sometimes equitable Conduct results in equitable results. Sure You're I the way, you know when you're advised of an occurrence that's bound to result in litigation. You can possibly have assumed This cheese company was just gonna accept the fact that their factory was destroyed And the duty to defend Could start immediately I just started investigating the claim But the man said you had to sit back but but this is not my business I understand judge but the manner in which the complaint is framed is critical to determining whether there's a duty to defend So unless and until the insurance company receives the actual complaint There's no definitive basis for to determine whether there's a duty if I turn to the appendix at 490 Will I see a letter from the in the policyholders? Personal counsel advising your client that there are two lawsuits out there. Yes. Oh, yeah. Yeah sure and Yeah, our point is that that came 20 months 21 months after they were first sued all the all the action So to speak happened in federal action So the fact the fact that it was soon after the state action was commenced is really neither here nor there but I also want to want to emphasize your honor that that it's to the extent that You find that there is That they stated a valid cause of action which we dispute it's it's critical in terms of recovery for defense costs whether that would be in the context of the Indemnity claim under the assignment claim they would have no right to recovery of any defense costs because that's not something that M&T didn't pay or was never up legally obligated to pay any defense costs that was paid for by Harleysville so if you to say that they're volunteers that would really mean that they don't have a leg to stand on That they had absolutely no basis for for thinking that they had any coverage, but as I understand it Your client argued the opposite And said that they do have coverage Sure that they did have coverage Either way there was no question that the insured had coverage whether it was under the Harleysville policy or the West Go positive client said that there was coverage into the Harleysville policy. That's correct your honor That's correct Yet, you're saying that the fact that they move forward to defend the policyholder makes them a volunteer and they ought to be holding The bag that's that's correct your honor. That's that is the nature of these cases the voluntary payments cases. That's right No, I was I apologize But I was thinking of the use by the presider of the phrase ironic and I was sort of thinking of the old Italo Irish phrase of chutzpah Rather an odd position I'm sorry. I'm only one judge. I don't I understand completely all of these comments. I really do. It's just a question of What is the law state here under these circumstances it often accounts for unusual results Thank you. Thanks judge Will reserve decision